## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTINA M. CANTU, | |
| Plaintiff, | |
| v. | |
| BANK OF AMERICA, N.A.; KAY JEWELERS, INC.; TOYOTA MOTOR CREDIT CORPORATION; WELLS FARGO HOME MORTGAGE, INC.; and EQUIFAX INFORMATION SERVICES, LLC, | Case No.   1:19-cv-00931 |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, CHRISTINA M. CANTU, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendants, BANK OF AMERICA, N.A.; KAY JEWELERS, INC.; TOYOTA MOTOR CREDIT CORPORATION; WELLS FARGO HOME MORTGAGE, INC.; and EQUIFAX INFORMATION SERVICES, LLC, as follows:

## NATURE OF THE ACTION

1.     This action seeks damages for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4.      CHRISTINA M. CANTU ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6.      Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7.      BANK OF AMERICA, N.A. ("BANA") offers personal and commercial banking services. Bank of America, National Association was formerly known as Bank of America National Trust and Savings Association. The bank was founded in October 17, 1904 and is based in Charlotte, North Carolina. Bank of America, National Association operates as a subsidiary of BANA Holding Corporation.

8.      BANA is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

9.      KAY JEWELERS, INC. ("Kay") operates a chain of jewelry retail stores for women and men in the United States. The company offers rings, earrings, necklaces and pendants, charms, bracelets, accessories, watches, collections, accessories, and giftware in gold, contemporary metals, diamond, gemstones, gold, pearl, sterling silver, platinum, rose tone, white tone, and other metals; engagement and wedding jewelry; and bridal sets. It also offers its products online. The company was founded in 1916 and is headquartered in Akron, Ohio. Kay Jewelers, Inc. operates as a subsidiary of Sterling Jewelers Inc.

10.      Kay is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

11.      TOYOTA MOTOR CREDIT CORPORATION ("Toyota") provides various finance and insurance products to authorized Toyota and Lexus dealers or dealer groups, and other domestic and import franchise dealers and their customers in the United States and Puerto Rico. The company acquires retail installment sales contracts and leasing contracts accounted for as

operating leases from dealers. It also provides dealer financing, including wholesale financing, working capital loans, revolving lines of credit, and real estate financing to dealers and various multi-franchise organizations. In addition, the company offers vehicle service agreements, guaranteed auto protection agreements, prepaid maintenance contracts, excess wear and use agreements, tire and wheel protection agreements, and key replacement protection; and marketing, underwriting, and claims administration services for products that cover various risks of dealers and their customers. The company was incorporated in 1982 and is based in Plano, Texas. Toyota Motor Credit Corporation is a subsidiary of Toyota Financial Services International Corporation.

12.     Toyota is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

13.     WELLS FARGO HOME MORTGAGE, INC. ("Wells Fargo") was acquired by Wells Fargo Bank, National Association. Wells Fargo Home Mortgage, Inc. offers mortgage lending services. It was formerly known as Norwest Mortgage, Inc. and changed its name to Wells Fargo Home Mortgage, Inc. in April 2000. The company was founded in 1905 and is based in Des Moines, Iowa.

14.     Wells Fargo is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

15.     EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a foreign limited liability company with its principal place of business in Atlanta, Georgia.

16.     Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

17.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

### Allegations as to Bank of America, N.A.

18.     On November 23, 2009, Plaintiff executed a mortgage in favor of BANA

19.     The mortgage secured the purchase of Plaintiff's personal residence located at 6149 South Greenwood Avenue, Unit 3S, Chicago, Illinois 60637.

20.     The mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $273,182.00.

21.     On August 23, 2013, Mortgage Electronic Registration Systems as nominee of Bank of America, N.A. released its mortgage as result of Plaintiff's refinance.

**Allegations as to Kay Jewelers, Inc.**

22.     In August 2006, Plaintiff applied for and obtained an open end (revolving) charge account from Kay.

23.     Plaintiff paid every month until paid in full in July 2007.

**Allegations as to Toyota Motor Credit Corporation, Inc.**

24.     In February 2006, Plaintiff applied for and obtained an automobile installment loan from Toyota.

25.     Plaintiff made each installment payment pursuant to agreement – with last payment made in July 2011.

26.     On March 7, 2008, Plaintiff applied for and obtained a recreational merchandise installment loan from Toyota.

27.     Plaintiff made each installment payment pursuant to agreement. – with last payment made in January 2014.

**Allegations as to Wells Fargo Home Mortgage, Inc.**

28.     On February 23, 2009, Plaintiff executed a mortgage in favor of Mortgage Services III, LLC.

29.     The mortgage secured the purchase of Plaintiff's personal residence located at 6149 South Greenwood Avenue, Unit 3S, Chicago, Illinois 60637.

30.     The mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $269,145.00.

31.     Wells Fargo acquired servicing rights to Plaintiff's mortgage.

32.     On January 13, 2010, Mortgage Electronic Registration Systems on behalf of Wells Fargo released its mortgage as result of Plaintiff's refinance.

**Credit Reporting Issues**

33.     On March 14, 2018, Plaintiff obtained credit reports from Equifax, Experian, and TransUnion.

34.     Plaintiff discovered that BANA incorrectly reported Plaintiff's "Scheduled Payment Amount" of $1,696.00 in spite of an account designation of "Paid and Closed."

35.     Plaintiff discovered that Kay incorrectly reported Plaintiff's "Scheduled Payment Amount" of $60.00 in spite of an account designation of "Paid and Closed."

36.     Plaintiff discovered that Toyota incorrectly reported Plaintiff's "Scheduled Payment Amount" of $422.00 in spite of an account designation of "Paid and Closed."

37.     Plaintiff discovered that Wells Fargo incorrectly reported Plaintiff's "Scheduled Payment Amount" of $1,920.00 in spite of an account designation of "Paid and Closed."

38.     On December 26, 2018, Plaintiff mailed a credit dispute letter to Equifax by United States Postal Service First Class Mail®.

39.     Plaintiff's credit dispute letter articulated Plaintiff's concerns as well as requested that Equifax investigate BANA, Kay, Toyota and Wells Fargo's inaccurate credit reporting.

5

40. Equifax received and promptly notified BANA, Kay, Toyota and Wells Fargo of Planitiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

41. On December 20, 2018, Equifax mailed Plaintiff dispute results. Plaintiff's dispute results indicated that Equifax wrongly verified:

- Plaintiff's scheduled payment amount of $1,696.00 to BANA in spite of this mortgage having been paid/closed in September 2010;

- Plaintiff's scheduled payment amount of $60.00 to Kay in spite of this charge account having been paid/closed in August 2009;

- Plaintiff's monthly payment amount of $422.00 to Toyota in spite of this automobile installment loan having been paid in full in July 2011; and

- Plaintiff's monthly payment amount of $1,920.00 to Wells Fargo in spite of this mortgage having been paid/closedin November 2009;

## DAMAGES

42. Defendants' manifestly inaccurate reporting continues to portray an untruthful and damaging depiction of Plaintiff. Defendants' continued inaccurate reporting produced a materially misleading impression that Plaintiff owes BANA, Kay, Toyota, and Wells Fargo's years after these loans were paid in full, sold, or transferred.

43. This entire experience has imposed distrust, distress, as well as frustration on Plaintiff.

44. This entire experience has resulted in anxiety, expenditure of time, as well as mental anguish.

45. Undeniably, Plaintiff appears helpless to regain control of his credit standing and creditworthiness and has been denied an opportunity to take advantage of credit opportunities.

## CLAIMS FOR RELIEF

### Count I:
### BANA's violation(s) of 15 U.S.C. § 1681 *et seq.*

46.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47.     The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.     BANA's failure to conduct an investigation**

48.     15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

> (A)     Conduct an investigation with respect to the disputed information;

> (B)     Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

> (C)     Report the results of the investigation to the consumer reporting agency;

> (D)     If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

> (E)     If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

> > (i)      Modify that item of information;

> > (ii)     Delete that item of information; or

7

(iii)    Permanently block the reporting of that item of information.

49.    Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), BANA received Plaintiff's credit dispute letter from Equifax.

50.    BANA violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

51.    BANA violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

52.    Had BANA conducted a reasonable investigation, BANA would have discovered that Plaintiff's scheduled payment obligation to BANA ceased in September 2010, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

53.    BANA violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

54.    BANA violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

55.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

8

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

56.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

57.     BANA's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find BANA in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.     award any actual damages to Plaintiff as a result of BANA's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

9

F.    award such other relief as this Court deems just and proper.

**Count II:**
**Kay's violation(s) of 15 U.S.C. § 1681 *et seq.***

58.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

59.    The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.    Kay's failure to conduct an investigation**

60.    15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)    Conduct an investigation with respect to the disputed information;

(B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C)    Report the results of the investigation to the consumer reporting agency;

(D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i)    Modify that item of information;

(ii)    Delete that item of information; or

10

        (iii)    Permanently block the reporting of that item of information.

61. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Kay received Plaintiff's credit dispute letter from Equifax.

62. Kay violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

63. Kay violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

64. Had Kay conducted a reasonable investigation, Kay would have discovered that Plaintiff's scheduled payment obligation to Kay ceased in July/August 2010, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

65. Kay violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

66. Kay violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

67. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

        (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

68.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

69.     Kay's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find Kay in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.     award any actual damages to Plaintiff as a result of Kay's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

12

F.    award such other relief as this Court deems just and proper.

**Count III:**
**Toyota's violation(s) of 15 U.S.C. § 1681 *et seq.***

70.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

71.    The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.    Toyota's failure to conduct an investigation**

72.    15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)    Conduct an investigation with respect to the disputed information;

(B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C)    Report the results of the investigation to the consumer reporting agency;

(D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i)    Modify that item of information;

(ii)    Delete that item of information; or

13

(iii)     Permanently block the reporting of that item of information.

73.     Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Toyota received Plaintiff's credit dispute letter from Equifax.

74.     Toyota violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

75.     Toyota violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

76.     Had Toyota conducted a reasonable investigation, Toyota would have discovered that Plaintiff's scheduled payment obligation to Toyota ceased in July 2011, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

77.     Toyota violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

78.     Toyota violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

79.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

14

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this
section, the costs of the action together with reasonable attorney's fees as
determined by the court.

80.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply
with any requirement imposed under [the FCRA] with respect to any consumer is liable to that
consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this
section, the costs of the action together with reasonable attorney's fees as
determined by the court.

81.     Toyota's complete indifference as to its obligations under the FCRA reveal a
conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by
circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of
punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.      find Toyota in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B),
1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.      award any actual damages to Plaintiff as a result of Toyota's violation;

C.      award any additional damages, as the Court may allow, in an amount not to exceed
$1,000.00 for each such violation;

D.      award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in
connection with such action as the Court may determine to be reasonable under the
circumstances; and

15

F.     award such other relief as this Court deems just and proper.

**Count IV:**
**Wells Fargo's violation(s) of 15 U.S.C. § 1681 *et seq.***

82.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

83.     The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.     Wells Fargo's failure to conduct an investigation**

84.     15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)     Conduct an investigation with respect to the disputed information;

(B)     Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C)     Report the results of the investigation to the consumer reporting agency;

(D)     If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)     If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i)     Modify that item of information;

(ii)     Delete that item of information; or

16

(iii)     Permanently block the reporting of that item of information.

85.     Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Wells Fargo received Plaintiff's credit dispute letter from Equifax.

86.     Wells Fargo violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

87.     Wells Fargo violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

88.     Had Wells Fargo conducted a reasonable investigation, Wells Fargo would have discovered that Plaintiff's scheduled payment obligation to Wells Fargo ceased in November 2009, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

89.     Wells Fargo violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

90.     Wells Fargo violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

91.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

92.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

93.     Wells Fargo's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find Wells Fargo in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.     award any actual damages to Plaintiff as a result of Wells Fargo's violation;

C.     award any additional damages, as the Curt may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

18

F.      award such other relief as this Court deems just and proper.

**Count V**
**Equifax's violation(s) of 15 U.S.C. § 1681 *et seq.***

94.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.      Equifax's failure to conduct a reasonable investigation**

95.     The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.  15 U.S.C. § 1681i(1)(A).

96.     The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.  15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

97.     Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current

status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

98.     Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to BANA, Kay, Toyota and/or Wells Fargo before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

99.     Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

100.    Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

101.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

     (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

 (2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

102.    15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

103.    Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find Equifax in violation of 15 U.S.C. §§ 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5)(A)(i).

B.    award any actual damages to Plaintiff as a result of Equifax's violation;

C.    award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.    award any punitive damages, as the Court may allow;

E.    award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.    award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 13, 2019

Respectfully submitted,

**CHRISTINA M. CANTU**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com