IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA CANTU, | CASE NO. 1:19-cv-00931 |
| Plaintiff, | |
| vs. | JUDGE HON. JOHN ROBERT BLAKEY |
| BANK OF AMERICA, N.A.; KAY JEWELERS, INC.; TOYOTA MOTOR CREDIT CORPORATION; WELLS FARGO HOME MORTGAGE, INC.; and EQUIFAX INFORMATION SERVICES, LLC | |
| Defendants. | |

**STERLING JEWELERS INC. DBA KAY JEWELERS'
MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendant Sterling Jewelers Inc. DBA Kay Jewelers (hereinafter "Sterling") moves this Court to enter an order, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, dismissing Plaintiff Christina Cantu's (hereinafter "Plaintiff") claims against it for lack of personal jurisdiction.[1] In support of this motion, Sterling states as follows:

**I.     INTRODUCTION**

Plaintiff's Complaint does not plead any facts that plausibly establish personal jurisdiction over Sterling in the Northern District of Illinois, Specifically, **Plaintiff does not allege any facts establishing that Sterling is "at home" in Illinois or is subject to specific jurisdiction in Illinois**

---

[1] Sterling makes this appearance for the limited purpose of contesting personal jurisdiction and is not voluntarily subjecting itself to jurisdiction in the Northern District of Illinois.

891399.1

**based on its Illinois credit-reporting acts allegedly injured Plaintiff (which is impossible as Sterling's credit reporting functions are in Ohio)**.

Rather, Sterling is incorporated in Delaware and headquartered in Akron, Ohio. **Per recent United States Supreme Court precedent, unless Sterling took action related to Plaintiff's claims in Illinois -- which it did not and Plaintiff does not allege it did -- Sterling can only be sued in Ohio (or Delaware).** Accordingly, this matter should be dismissed for lack of personal jurisdiction.

## II. PLAINTIFF FAILS TO PLEAD FACTS ESTABLISHING PERSONAL JURISDICTION OVER STERLING.

Plaintiff is a resident of the Northern District of Illinois. (Complaint at ¶ 4). Critically, as Plaintiff acknowledges, "[Sterling]…is headquartered in Akron, Ohio. " (Complaint at ¶ 9); see also, *Corporate Disclosure Statement of Defendant Sterling Jewelers Inc.* (filed concurrently); Ohio Secretary of State STRLJI INC. (STERLING JEWELERS INC.) Business Details & Findings: https://businesssearch.sos.state.oh.us/?=businessDetails/473557 (last accessed ____, 2019).

As for her claims, Plaintiff generally asserts that Sterling, along with other Defendants, violated the Fair Credit Reporting Act ("FCRA") by incorrectly reporting a scheduled payment amount in spite of an account designation of "Paid and Closed." (Complaint at ¶ 35). Plaintiff further alleges that Sterling failed to conduct an investigation with respect to a dispute that she filed with Equifax. (Complaint ¶ 62). She also alleges that Sterling failed to review information provided by Equifax, report its investigation results to Equifax and failed to modify or delete the incorrect information. (Complaint, ¶¶ 63, 65-66). **Significantly, despite over 14 paragraphs dedicated to Sterling's alleged misconduct there is no allegation that any of Sterling's**

2

conduct that allegedly injured Plaintiff occurred in Illinois — this is likely because such activities are handled in its Ohio headquarters.

### III. THIS COURT LACKS PERSONAL JURISDICTION OVER STERLING.

FRCP 12(b)(2) permits a party to seek dismissal of an action where the forum court lacks personal jurisdiction over the party. Fed. R. Civ. P. 12(b)(2). When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Dorf v. Ron March Co.*, 99 F. Supp. 2d 994, 996 (E.D. Wis. 2000). And, in this case, Plaintiff must establish two jurisdictional prerequisites: (1) jurisdiction is proper under the Illinois long-arm statute, 735 Ill. Comp. Stat. Ann. 5/2-209, and, (2) that **jurisdiction must be proper under a federal law analysis of the defendant's due process rights**. *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1212 (7th Cir. 1984); *Wysnoski v. Millet*, 759 F. Supp. 439, 442 (N.D. Ill. 1991). As shall be demonstrated below, even conceding that, as a jeweler retailer, Sterling transacts business in Illinois, jurisdiction over Sterling in this case does not comport with notions of due process and this matter should be dismissed.

    **A.    Constitutional Due Process Requirements Mandate Dismissal on Personal Jurisdiction Grounds.**

The Due Process Clause of the U.S. Constitution "authorize[s] . . . courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011)). **Courts "have recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction."** *Bristol-Myers Squibb*

*Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779-1780 (2017) (quoting *Goodyear*, 131 S. Ct. at 2846). Both are based on the defendant's contacts with the forum state and, as the United States Supreme Court has established, the primary focus of a federal court's personal jurisdiction inquiry is the defendant's relationship to the forum State. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014).

Here, general jurisdiction is lacking under these explicit standards as Sterling is not an Illinois company, and Plaintiff has not alleged that Sterling has contacts with Illinois that are so continuous and systematic as to render it essentially "at home" in Illinois. Moreover, Plaintiff has not alleged that any alleged conduct that injured her occurred in Illinois — preventing a finding of specific jurisdiction. As Plaintiff cannot make out a *prima facie* showing of personal jurisdiction, her claims must be dismissed.[2]

### B. This Court Does Not Have General Jurisdiction Over Sterling As Sterling Is Not "At Home" In Illinois

The United States Supreme Court has established and re-established that "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *Daimler*, 134 S. Ct. at 760; see also *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). And, **in May of 2017, the United States Supreme Court made clear that jurisdiction over a corporation outside of its state of incorporation or principal place of business is proper only in an "exceptional case."** *BNSF*, 137 S. Ct. at 1558. *BNSF* also clarified that the personal jurisdiction analysis does not vary based on the type of claim asserted or the type of business enterprise sued. *Id.* at 1559.

---

[2] Similarly, Federal Rule of Civil Procedure 12(b)(3) provides for dismissal of an action when the action is brought in an improper venue. Further, 28 U.S.C. § 1391, the general venue statute, provides in relevant part that venue is proper in, *inter alia*, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).

This test simplifies the general jurisdictional inquiry and substantially narrows the circumstances under which general jurisdiction will lie (and explicitly rejected more expansive theories of general jurisdiction that had been advanced in the past). **Now, per the United States Supreme Court the "paradigm" forums in which a corporate defendant is "at home," are the corporation's place of incorporation and its principal place of business.** *Id.* at 1558.

Here, Plaintiff has not pled any facts establishing that Sterling is essentially at home in Illinois. **Though Sterling has stores in Illinois, per the United States Supreme Court, its Illinois-based activities are not so "'continuous and systematic' as to render them essentially at home" in Illinois.** *BNSF*, 137 S. Ct. at 1559; see also, *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). **Accordingly, this Court does not have general jurisdiction over Sterling.**

Critically, beyond alleging that Sterling conducts business in Illinois, **Plaintiff has not pled any facts upon which general personal jurisdiction can be based; requiring dismissal**. This conclusion is readily apparent when considering that the United States Supreme Court (1) rejected a finding of general jurisdiction in Montana over a foreign corporation that had over 2,000 miles of railroad track and over 2,000 employees in Montana (*BNSF*, 137 S. Ct. at 1554, 1559) and (2) rejected general jurisdiction in California over a foreign corporation that made $4.6 billion of sales in California in a single year (*Daimler*, 134 S. Ct. at 752, 761-62). Clearly, merely conducting business — even significant business — in a state does not confer general jurisdiction; much more must be established.

    **C.**    **This Court Does Not Have Specific Jurisdiction Over Sterling.**

As courts in the Seventh Circuit recognize, "only the events that [Plaintiff] seeks to litigate in this suit are relevant to personal jurisdiction." *Jenkins v. Burkey*, 744 F. App'x 955, 957 (7th Cir. 2018) (quoting *Goodyear*, 564 U.S. at 919 ("[S]pecific [personal] jurisdiction is confined to

5

the adjudication of issues deriving from ... the very controversy that establishes jurisdiction"), and citing *Bristol-Myers Squibb Co.*, 137 S.Ct. at 1780). This is because

> Compared to general jurisdiction, specific jurisdiction is "very different"—it requires that "the suit . . . aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (emphasis in original and quotation marks omitted). The contacts must be created by the defendant, not by "the plaintiff or third parties . . . ." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014). What matters is "the relationship among the defendant, the forum, and the litigation. *Id.* (citations and quotation marks omitted).

*Murray v. Cirrus Design Corp.*, 339 F. Supp. 3d 783, 787 (N.D. Ill. 2018).

Just as *Daimler* and *BNSF* set clear and simple lines to establish general jurisdiction — none of which are crossed in this case — **the United States Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty*., 137 S. Ct. 1773 (2017) clarifies when states are required to exercise specific jurisdiction. When there is no specific connection between the forum and the underlying controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."** *Bristol-Myers Squibb Co*., 137 S. Ct. at 1781 (citing *Goodyear*, 564 U.S. at 931, n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales")).

**In *Bristol-Myers*, the Court held that "to exercise specific jurisdiction over a claim there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'"** *Id.* at 1786 (quoting *Goodyear*, 564 U.S. at 919 (internal quotations omitted). The *Bristol-Myers* Court rejected as "loose and spurious" a test purporting to determine specific jurisdiction based upon a defendant's unrelated contacts with a forum, as it created a "sliding scale." *Bristol-Myers Squibb*, 137 S. Ct. at 1776.; see also, *Murray v. Cirrus Design Corp.*, 339 F. Supp. at 788.

Instead, the Court held that **specific jurisdiction requires "a connection between the forum and the specific claims at issue"; a defendant's unrelated contacts with a forum are irrelevant as "continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity."** *Id.* at 1781 (internal quotations and citations omitted). Accordingly, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* at 1780 (internal quotations omitted).

This was the exact conclusion reached by another Northern District of Illinois court in *Murray v. Cirrus Design Corp.*, 339 F. Supp. 3d 783 (N.D. Ill. 2018). There, **the Court determined that specific jurisdiction over a defendant — which was incorporated in Wisconsin but headquartered in Minnesota — did not exist in Illinois despite Plaintiff's argument that the Defendant (1) conducted much business in Illinois; (2) committed a tort in Illinois; and (3) should have expected to be hauled into an Illinois court.** *Id*. at 787. Citing *Bristol-Myers Squibb* and *Walden*, the *Murray* Court rejected each of these arguments. Moreover, when faced with an argument that Illinois's long-arm statute should control the court clearly eviscerated that argument:

> Defendant's suit-related conduct took place not in Illinois, but in Minnesota. Even if defendant did commit a tort in Illinois, Illinois does "not consider [its] long-arm statute separately from federal due process concerns"—and if anything, "due process protection under the Illinois long-arm statute may be greater than federal due process protections." *Russell v. SNFA*, 2013 IL 113909, 987 N.E.2d 778, 785-86, 370 Ill. Dec. 12 (Ill. 2013). Thus, an exercise of jurisdiction that violates federal due process likely also violates Illinois due process. And even if all that were not so, exercising jurisdiction must be independently consistent with due process under the United States Constitution. See, e.g., *Bristol-Myers Squibb*, 137 S. Ct. at 1779 (citing cases).

*Murray v. Cirrus Design Corp.*, 339 F. Supp. at 788.

7

In this case, Plaintiff alleges that Sterling, an Ohio corporation, engaged in incorrect reporting of Plaintiff's credit file and/or consumer report, failed to ensure the accuracy of information concerning Plaintiff, and did not conduct reasonable reinvestigations with respect to such information. **Fatal to personal jurisdiction, Plaintiff does not allege facts that demonstrate that any of these acts or omissions occurred in Illinois. Nor could she, as Sterling is headquartered in Ohio; where any such investigation would take place.** Because Plaintiff's contacts to the forum are not considered when determining jurisdiction, this Court can only consider Sterling's actual or alleged contacts to Illinois with respect to the claim.

Plaintiff did not plead any facts to assert specific jurisdiction over Sterling. Consequently, this Court should grant Sterling's motion to dismiss.

### III. CONCLUSION

The United States Supreme Court has issued **multiple** decisions addressing personal jurisdiction since 2011. From these rulings, two clear rules have emerged: first, general jurisdiction is strictly limited to where a defendant is "at home," i.e., the state of incorporation and principal place of business; and second, specific jurisdiction requires a direct connection between the plaintiff's claim, the defendant's conduct, and the forum. Because Plaintiff's allegations do not satisfy either test, this Court should dismiss her claims against Sterling for lack of personal jurisdiction.

Respectfully submitted,

*/s/ Richik Sarkar*
Richik Sarkar (Ohio Bar No. 0069993)
McGlinchey Stafford, PLLC
The Van Aken District
3401 Tuttle Road, Suite 200
Cleveland, OH 44122
Tel: (216) 378-4994/Fax: (216) 803-9701
*Counsel for Defendant Sterling Jewelers Inc. dba Kay Jewelers*

8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing *Sterling Jewelers Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction* was filed on April 5, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system.

*/s/ Richik Sarkar*
Richik Sarkar (Ohio Bar No. 0069993)