**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTINA CANTU,** | ) | **CASE NO. 1:19-cv-00931** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JUDGE HON. JOHN ROBERT** |
| vs. | ) | **BLAKEY** |
| | ) | |
| **BANK OF AMERICA, N.A., ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |

**STERLING JEWELERS INC.'S RENEWED**
**MOTION TO DISMISS FOR LACK OF JURISDICTION**

Sterling Jewelers Inc. dba Kay Jewelers (hereinafter "Sterling") moves this Court to enter an order, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, dismissing Plaintiff Christina Cantu's (hereinafter "Plaintiff") claims against it for lack of personal jurisdiction. In support of this motion, Sterling states as follows:

I.          **INTRODUCTION**

Sterling is incorporated in Delaware, its principal place of business is in Ohio and, under controlling United States Supreme Court precedent — because Plaintiff's claims are not directly related to Sterling's Illinois conduct — it is not subject to personal jurisdiction in Illinois. Specifically, Plaintiff claims Sterling is liable for violating the Fair Credit Reporting Act (FCRA); however, **she does not establish either of the prerequisites for personal jurisdiction:**

      1)    **That Sterling is "at home" in Illinois** -- a requirement mandated by *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017), for general jurisdiction; or,

      2)    **That Sterling's activities in Illinois directly relate to credit reporting and his FCRA claims** -- which, per *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137

901508.1

S. Ct. 1773, 1779-1780 (2017), is the only way to establish specific jurisdiction, notwithstanding any (or how many) unrelated contacts Sterling has with Illinois.

As Plaintiff cannot satisfy either test, this Court should dismiss Sterling from this case.

## II.     NO PROPER BASIS FOR PERSONAL JURISDICTION HAS BEEN PLED.

With respect to the critical parties, Plaintiff is a resident of the Northern District of Illinois. (Amended Complaint at ¶ 4). As Plaintiff acknowledges, "[Sterling]…is headquartered in Akron, Ohio" and, as established through public records, was incorporated in Delaware. (Amended Complaint at ¶ 9); *Corporate Disclosure Statement of Defendant Sterling Jewelers Inc.* (Docket #28 filed April 5, 2019); Ohio Secretary of State STRLJI INC. (STERLING JEWELERS INC.) Business Details & Findings: https://businesssearch.sos.state.oh.us/?=businessDetails/473557 (last accessed April 29, 2019).

As for her claims, Plaintiff generally asserts that Sterling, along with other Defendants, violated the Fair Credit Reporting Act ("FCRA") by incorrectly reporting a scheduled payment amount in spite of an account designation of "Paid and Closed." (Complaint at ¶ 40). Plaintiff further alleges that Sterling failed to conduct an investigation with respect to a dispute that she filed with Equifax. (Complaint ¶ 68). She also alleges that Sterling failed to review information provided by Equifax, report its investigation results to Equifax and failed to modify or delete the incorrect information. (Complaint, ¶¶ 67, 69-72). Significantly, despite over 20 paragraphs dedicated to Sterling's alleged misconduct, there is no allegation that any of Sterling's conduct that allegedly injured Plaintiff occurred in Illinois (and she cannot as such activities are handled in its Ohio headquarters).

Instead, despite 2 chances to create her claims, Plaintiff's personal jurisdiction argument can be summed up in two sentences: (1) Sterling is a furnisher of information under the FCRA who has 45 stores in Illinois (which all have employees, advertise, and generate revenue in Illinois)

2

and has an agent for service of process in Illinois. (Amended Complaint at ¶¶ 10-15). (2) Further, Sterling made credit reports related to Plaintiff's Illinois transaction. (Amended Complaint at ¶ 46). As established by the Supreme Court, neither of these factors are weighed when determining personal jurisdiction; thus, in accordance with FRCP 12(b)(2), Sterling requests dismissal of Plaintiff claims against it.[1]

## III. PER SUPREME COURT PRECEDENT, PLAINTIFF CANNOT ESTABLISH GENERAL OR SPECIFIC PERSONAL JURISDICTION OVER STERLING.

Once a defendant challenges personal jurisdiction, the plaintiff then bears the burden of establishing jurisdiction. See *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Dorf v. Ron March Co.*, 99 F. Supp. 2d 994, 996 (E.D. Wis. 2000). Critically, Plaintiff must establish two jurisdictional prerequisites: (1) jurisdiction is proper under the Illinois long-arm statute, 735 Ill. Comp. Stat. Ann. 5/2-209, and, (2) that jurisdiction must be proper under a federal law analysis of the defendant's due process rights. *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1212 (7th Cir. 1984); *Wysnoski v. Millet*, 759 F. Supp. 439, 442 (N.D. Ill. 1991).

The Due Process Clause of the U.S. Constitution "authorize[s] . . . courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011)). Courts "have recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779-1780 (2017)

---

[1] Sterling makes this appearance for the limited purpose of contesting personal jurisdiction and is not voluntarily subjecting itself to jurisdiction in the Northern District of Illinois.

(quoting *Goodyear*, 131 S. Ct. at 2846). **The primary focus of a federal court's inquiry related to both types of jurisdiction is the defendant's direct relationship to the forum state.** *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014); 1 Moore's Federal Rules Pamphlet § 4.12 (2018).

In this case, **general jurisdiction is lacking as Sterling is not a Illinois company, and Plaintiff has not established that Sterling is essentially "at home" in Illinois.** Next, **Plaintiff has not alleged that Sterling's credit reporting activity — which forms the basis of her claims — occurred in Illinois; preventing a finding of specific jurisdiction.** As Plaintiff cannot make out a *prima facie* showing of personal jurisdiction, his claims must be dismissed.[2]

### A.    This Court Does Not Have General Jurisdiction Over Sterling As Sterling Is Not From or Otherwise "At Home" In Illinois.

The Supreme Court has established and re-established that "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *Daimler*, 134 S. Ct. at 760. Then, **in 2017, the Supreme Court reaffirmed (8-1) that personal jurisdiction over a corporation outside of its state of incorporation or principal place of business is proper only in the "exceptional case."** *BNSF Ry. V. Tyrrell*, 137 S.Ct. 1549, 1558-59 (2017) (concluding that the Montana state court did not have personal jurisdiction over the railroad company, even though it operated over 2000 miles of in-state track and employed over 2000 in-state employees).[3]

---

[2] Similarly, FRCP 12(b)(3) provides for dismissal of an action when the action is brought in an improper venue. Further, 28 U.S.C. § 1391, the general venue statute, provides in relevant part that venue is proper in, *inter alia*, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).

[3] The Supreme Court has relied on *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) as the exemplary exceptional case. In *Perkins*, the Court "held that the Ohio courts could exercise general jurisdiction over a Philippines company without offending due process," because the company had ceased its operations in the Philippines and "its president [had] moved to Ohio, where he kept an office, maintained the company's files, and oversaw the company's activities," such that "'Ohio was the corporation's principal, if temporary, place of business.'" *Daimler*, 571 U.S. at 129-130 (discussing *Perkins*). Based upon that standard, this is certainly not an "exceptional case."

**BNSF, based upon *Daimler*, simplified the general jurisdictional inquiry by substantially narrowing the circumstances in which general jurisdiction will lie (and explicitly rejected more expansive theories of general jurisdiction that had been advanced in the past).** Now, the paradigmatic forums in which a corporate defendant is "at home" are its place of incorporation and principal place of business. *Id*. at 1558.[4] Here, Plaintiff has not pled any facts establishing that Sterling is essentially at home in Illinois.

To be sure, Sterling has multiple retail stores in Illinois, employs workers in Illinois, solicits Illinois consumers through targeted advertisement, and permits customers to purchase items using store-issued credit cards. **However, within the context of this case involving credit reports and investigations related to Plaintiff's account, these facts are all unremarkable and irrelevant.** Sterling has many other retail store locations where it performs these exact same business activities throughout the country. And "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *BNSF*, 137 S.Ct. at 1559 (citing *Daimler*, 571 U.S. at 139 n.20 ("the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts" (internal citations omitted), rather the inquiry "calls for an appraisal of a corporation's activities in their entirety, nationwide, and worldwide.").

Sterling's stores and business in Illinois are insufficient to establish general jurisdiction in this credit reporting case. **Sterling is incorporated in Delaware and headquartered in Ohio and its commercial activities in Illinois, which do not involve credit reporting, are not so constant**

---

[4] The *BNSF* Court further clarified that the personal jurisdiction analysis does not vary based on the type of claim asserted or the type of business enterprise sued. *Id*. at 1559.

and pervasive to make it "comparable to a domestic enterprise." *Daimler*, 572 U.S. at 133 n.11; see also, *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). Accordingly, this Court does not have general jurisdiction over Sterling.[5]

**B.** **Since None of Sterling's Conduct Related to Plaintiff's Credit Reporting Claim Occurred in Illinois, Specific Jurisdiction Does Not Exist.**

Just as *Daimler* and *BNSF* set clear and simple lines to establish general jurisdiction — none of which are crossed in this case — the United States Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017) clarifies when states are required to exercise specific jurisdiction. **In *Bristol-Myers*, the Court held that "to exercise specific jurisdiction over a claim there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'"** *Id.* at 1786 (quoting *Goodyear*, 564 U.S. at 919 (internal quotations omitted).

While Plaintiff is an Illinois citizen who, presumably, bought something in one of Sterling's Illinois stores, this does not establish personal jurisdiction with respect to her credit-reporting claims. As the Supreme Court counsels, if the conduct that allegedly gives rise to a claim occurs entirely in one state "the mere fact that [this] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden v. Fiore,* 134 S. Ct. 1115, 1125. More to the point

> This approach to the "minimum contacts" analysis impermissibly
> allows a plaintiff's contacts with the defendant and forum to drive
> the jurisdictional analysis. …Such reasoning improperly attributes a

---

[5] This conclusion is further justified when considering that the Supreme Court (1) rejected a finding of general jurisdiction in Montana over a foreign corporation that had over 2,000 miles of railroad track and over 2,000 employees in Montana (*BNSF*, 137 S. Ct. at 1554, 1559) and (2) rejected general jurisdiction in California over a foreign corporation that made $4.6 billion of sales in California in a single year (*Daimler*, 134 S. Ct. at 752, 761-62).

plaintiff's forum connections to the defendant and makes those connections "decisive" in the jurisdictional analysis.

*Id.*; see also, *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017). **As the only connection between Sterling's credit reporting and investigations and Illinois is the Plaintiff and her purchase (which she does not contend was conducted improperly), this Court does not have personal jurisdiction over Sterling and all claims against it should be dismissed.**

Plaintiff's amended allegations also attempt to use Sterling's non-suit related business within Illinois, coupled with her purported in-state injuries, to create personal jurisdiction.. No. The *Bristol-Myers* Court rejected as "loose and spurious" any test purporting to determine specific jurisdiction based upon a defendant's unrelated contacts with a forum, as it created a "sliding scale." *Bristol-Myers Squibb*, 137 S. Ct. at 1776. **Though Sterling transacts much business in Illinois, specific jurisdiction over Sterling still does not comport with notions of Due Process because her FCRA claim bears no connection to any contacts Sterling may have to Illinois and "only the events that [Plaintiff] seeks to litigate in this suit are relevant to personal jurisdiction."** *Jenkins v. Burkey*, 744 F. App'x 955, 957 (7th Cir. 2018) (quoting *Goodyear*, 564 U.S. at 919)l see also, *Murray v. Cirrus Design Corp.*, 339 F. Supp. 3d 783, 787 (N.D. Ill. 2018)(finding that specific jurisdiction requires that a suit arise out of a defendant's contacts with the forum (citing *Bristol-Myers Squibb*, 137 S. Ct. at 1780) because, with respect to personal jurisdiction, what matters is "the relationship among the defendant, the forum, and the litigation" (citing *Walden v. Fiore*, 134 S. Ct. 1115 (2014)).

This principle is not new. Since *Int'l Shoe Co.*, *see Shaffer v. Heitner*, 433 U.S. 186, 204 (1977), **the Supreme Court has made clear time and again that specific jurisdiction requires a causal connection between the nonresident defendant's forum conduct and the litigation.**

7

See *Goodyear*, 564 U.S. at 919. The bedrock for this conclusion, is that "[a] corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Bristol-Myers Squibb Co. v. Superior Court,* 137 S.Ct. 1773, 1781 (2017) (quoting *Int'l Shoe*, 326 U.S. at 318). **Thus, specific jurisdiction must be premised on the defendant's *suit-related* contacts in the forum.** *Bristol-Myers*, 137 S.Ct. at 1781 (quoting *Goodyear*, 564 U.S. at 919); see also, *Murray v. Cirrus Design Corp.*, 339 F. Supp. at 788.

This was the exact conclusion reached by another Northern District of Illinois court in *Murray v. Cirrus Design Corp.*, 339 F. Supp. 3d 783 (N.D. Ill. 2018). There, **the Court determined that specific jurisdiction over a defendant — which was incorporated in Wisconsin but headquartered in Minnesota — did not exist in Illinois despite Plaintiff's argument that the Defendant (1) conducted much business in Illinois; (2) committed a tort in Illinois; and (3) should have expected to be hauled into an Illinois court.** *Id.* at 787. Citing *Bristol-Myers Squibb* and *Walden*, the *Murray* Court rejected each of these arguments. Moreover, when faced with an argument that Illinois's long-arm statute should control, the court eviscerated that argument:

> Defendant's suit-related conduct took place not in Illinois, but in Minnesota. Even if defendant did commit a tort in Illinois, Illinois does "not consider [its] long-arm statute separately from federal due process concerns"—and if anything, "due process protection under the Illinois long-arm statute may be greater than federal due process protections." *Russell v. SNFA*, 2013 IL 113909, 987 N.E.2d 778, 785-86, 370 Ill. Dec. 12 (Ill. 2013). Thus, an exercise of jurisdiction that violates federal due process likely also violates Illinois due process. And even if all that were not so, exercising jurisdiction must be independently consistent with due process under the United States Constitution. See, e.g., *Bristol-Myers Squibb*, 137 S. Ct. at 1779 (citing cases).

*Murray v. Cirrus Design Corp*., 339 F. Supp. at 788.

While Sterling's jewelry business in Illinois may be sufficient to subject it to claims related to its Illinois activities — such as employment, injured worker, or damaged personal property claims — **nothing about Sterling's in-state business is sufficient to permit the court to assert specific jurisdiction over Plaintiff's FCRA claims because Sterling has no credit reporting activities in Illinois.**[6] Plaintiff alleges that Sterling furnished inaccurate and misleading credit report information to consumer reporting agencies, and failed to investigate such disputed inaccuracies. (*Complaint* ¶¶ 15, 24, 29, 44 - 46). However, Plaintiff does not allege that any of these supposed inaccurate reporting activities or unlawful investigations took place in Illinois. Nor could he, as Sterling is headquartered in Ohio where any such activities would occur.

Accordingly, as the exercise of jurisdiction over an out-of-state defendant because of conduct unconnected to the litigation would "offend traditional notions of fair play and substantial justice," *Int'l Shoe*, 326 U.S. at 316, this Court should dismiss claims against Sterling.

## IV.   CONCLUSION

Over multiple opinions, the Supreme Court has clearly established that: (1) general jurisdiction is almost entirely limited to where the corporation is incorporated or principally conducts its business and, (2) specific jurisdiction only exists when the defendant's contacts with the forum <u>caused</u> the plaintiff's alleged injuries. Here, (1) Sterling is not at home in Illinois and (2) none of its Illinois business activities gave rise to any credit reporting claims; thus, (3) this Court does not have personal jurisdiction over Sterling and should dismiss it from this case.

---

[6] Even though Plaintiff happened to purchase an item at an Illinois retail store using a credit card, this contact is so "random, fortuitous, [and] attenuated" from Plaintiff's injuries to support a court exercise of specific jurisdiction over Plaintiff's FCRA claims against Sterling. *See Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1984); see also *Walden v. Fiore*, 134 S.Ct. 1115, 1123 (2014).

Respectfully submitted,

*/s/ Richik Sarkar*
Richik Sarkar (Ohio Bar No. 0069993)
McGlinchey Stafford, PLLC
The Van Aken District
3401 Tuttle Road, Suite 200
Cleveland, OH 44122
Tel: (216) 378-4994/Fax: (216) 803-9701

*Counsel for Defendant Sterling Jewelers Inc. dba Kay Jewelers.*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *Sterling Jewelers Inc.'s Renewed Motion to Dismiss for Lack of Personal Jurisdiction* was filed on May 1, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system.

*/s/ Richik Sarkar*
Richik Sarkar (Ohio Bar No. 0069993)